United States District Court
Southern District of Texas
**ENTERED**
September 07, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ALEXANDER EDIONWE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-00409 |
| | § | |
| GUY BAILEY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION & ORDER

The Court now considers Alexander Edionwe's ("Plaintiff") motion to alter or amend the Court's final judgment,[1] and the response filed by The University of Texas – Pan America (UTPA), The University of Texas System, The University of Texas Rio Grande Valley (UTRGV), Guy Bailey, and Havidan Rodriguez (collectively, "Defendants").[2] After duly considering the record and authorities, the Court **DENIES** Plaintiff's motion to alter or amend final judgment.

### I. BACKGROUND

Plaintiff was hired by UTPA in 1994.[3] He was then granted tenure in 2000.[4] Plaintiff was subsequently terminated from UTPA as a result of a law passed by the Texas Legislature in 2013.[5] UTPA faculty in Plaintiff's position were given priority-hiring status at the newly-created University of Texas Rio Grande Valley (UTRGV) through "phase-one" hiring."[6] However, a

---

[1] Dkt. No. 15.
[2] Dkt. No. 16.
[3] Dkt. 1-3 at p. 7.
[4] *Id*.
[5] *Id*.
[6] See Dkt. No. 15-4 at p. 5.

condition precedent to receiving priority status was filing a timely application with UTRGV.[7] Unfortunately, Plaintiff was in Africa during the entirety of UTRGV's phase-one application period, and Plaintiff alleges that he did not timely receive UTRGV's email notification regarding the phase-one application period.[8] Thus, Plaintiff failed to submit a timely application during phase one, and ultimately was not hired by UTRGV.[9]

Plaintiff sued Defendants in state court on August 8, 2015,[10] bringing 42 U.S.C. § 1983 Due Process claims against Defendants.[11] Plaintiff also sought declaratory relief.[12] Defendants filed their notice of removal on September 29, 2015.[13] Defendants then filed a Rule 12(c) motion to dismiss on April 4, 2016,[14] and Plaintiff filed a response on April 25, 2016.[15] Contained within Plaintiff's response was a motion for leave to file an amended complaint.[16] The Court granted Defendants' 12(c) motion to dismiss on July 7, 2016 without addressing Plaintiff's motion for leave to file an amended complaint.[17] The Court then entered a final judgment closing the case on July 8, 2016.[18]

Subsequently, Plaintiff filed a Rule 59(e) motion to alter or amend the Court's final judgment on August 8, 2016.[19] Defendants filed their response on August 26, 2016.[20] Plaintiff argues that the Court should vacate its final judgment and opinion dismissing Plaintiff's claims and grant Plaintiff leave to file an amended complaint. Plaintiff makes two arguments to justify

---

[7] *See* Doc. No. 15-4 at p. 10.
[8] *Id*. at p. 9.
[9] *See id*. at pp. 4–6.
[10] *See id*. at p. 8.
[11] *Id*. at pp. 10-13.
[12] *Id*.
[13] Dkt. No. 1.
[14] Dkt. No. 10.
[15] Dkt. No. 11.
[16] *Id*. at pp. 13–14.
[17] *See* Dkt. No. 13.
[18] Dkt. No. 14.
[19] Dkt. No. 15.
[20] Dkt. No. 16.

this request. *First*, Plaintiff contends that the Court committed a manifest legal error by failing to grant Plaintiff leave to amend his original complaint.[21] *Second*, Plaintiff contends that the Court committed a manifest legal error by holding that Plaintiff had no protected property interest in employment at UTRGV.[22] He points out, for the first time, UTRGV's "Frequently Asked Questions" ("FAQ") in an attempt to substantiate this claim.[23].

## II.   LEGAL STANDARD

The Fifth Circuit has established that Rule 59(e) motions serve "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[24] However, such motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[25] Consequently, "[r]econsideration of a judgment after its entry is an *extraordinary* remedy that should be used sparingly."[26] Thus, Rule 59(e) motions provide district courts with considerable discretion, and dispositive orders are only subject to the abuse of discretion standard on appeal.[27]

Moreover, the Fifth Circuit has declared that when the order in question denies a party's motion to amend its complaint, "the considerations for a Rule 59(e) motion are governed by Rule 15(a)."[28] Rule 15(a), in turn, requires that the district court "freely give leave [to amend] when justice so requires."[29] However, a district court "need not grant a futile motion to amend."[30]

---

[21] Dkt. No. 15. at p. 9.
[22] *Id*. at pp. 3–5.
[23] *Id*. at p. 4.
[24] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)(emphasis added).
[25] *Id*.
[26] *Id*.
[27] *Jackson v. N.A.A.C.P.*, 575 Fed. Appx. 256, 258 (5th Cir. 2014).
[28] *Id*.
[29] Fed. R. Civ. P. 15(a).
[30] *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016).

Furthermore, "futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted."[31]

### III. APPLICATION

The Court did not commit a manifest legal error by failing to grant Plaintiff leave to amend his original complaint because doing so would be futile. At the time of the original request, Plaintiff did not offer a proposed amended complaint. Plaintiff stated only that he wished to include "sufficient facts to establish waiver of immunity. . ., Section 1983 claims for violations of procedural and substantive due process rights, and defeating Defendants' qualified immunity defense."[32] While the Court should have addressed the requested leave to amend, the proposed amendment would not have changed the outcome in this case.

In connection with the instant motion, Plaintiff has now submitted a proposed amended complaint. In his proposed amended complaint, Plaintiff adds that UTRGV issued a document stating: "If you currently work in a. . . UTPA academic unit that corresponds with an academic unit that will exist when UTRGV begins, you will be offered a tenured or tenure-track position as long as you meet the other hiring criteria."[33] Plaintiff argues that this statement vested him with a property interest in employment at UTRGV, and thus the Court committed a manifest legal error by holding otherwise in its opinion granting Defendants' summary judgment.[34]

The Court disagrees. *First*, Plaintiff cites no relevant law to support his position that a single sentence from FAQ issued by a university has the power to imbue faculty with constitutionally-cognizable property interests. *Second*, the statement itself conditions its promise

---

[31] *Id.*
[32] Dkt. No. 11 at p. 13.
[33] Dkt. No. 15-4 at p. 5.
[34] Dkt. No. 15. at pp. 3–5.

upon "you meet[ing] the other criteria."[35] One of the "other" criteria is that the applicant complete his phase-one application "on time."[36] But Plaintiff openly admits that he did not.[37] Thus, even if UTRGV's FAQ statement had the power to imbue faculty with constitutionally-cognizable property interests, Plaintiff does not qualify under the terms of the FAQ statement itself. And *third*, a holistic reading of UTRGV's FAQ document suggests that there is no actual promise to hire UTPA faculty who meet every phase-one hiring requirement. The document states that even if the UTPA faculty member in question meets all phase-one hiring requirements, "the President of UTRGV shall *recommend* that the Board of Regents grant tenure to [the] individual."[38] This strongly suggests that even if Plaintiff had met all the UTRGV phase-one requirements, which he did not, Plaintiff's employment at UTRGV would have been discretionary, not automatic.

Thus, Plaintiff's proposed amended complaint—merely pointing to UTRGV's FAQ statement—is futile. Even if the Court assumes the truth of this newly-presented evidence, Plaintiff has not stated a claim upon which relief could be granted because the FAQ statement does not vest Plaintiff with a constitutionally-cognizable property interest. The Court also observes Plaintiff's argument that UTRGV deprived Plaintiff of Due Process by merely sending an ultimately unsuccessful email to Plaintiff concerning the phase-one application period.[39] However, Defendants have studiously pointed out that "by Edionwe's own allegation, he would not have a property interest until *after* he timely applied, and thus met all the FAQ's criteria. His

---

[35] *Id*. at p. 5.
[36] Dkt. No. 15-3 at p. 2.
[37] Dkt. No. 15 at p. 4.
[38] Dkt. No. 15-2. at p. 2.
[39] *Id*. at p. 4.

supposed property interest was not terminated—it never existed in the first place."[40] The Court agrees.

In sum, the Court did not commit a manifest legal error by denying, albeit by omission, Plaintiff's motion for leave to amend because amendment would have been futile. For the same reason that granting leave to amend would have been futile, the Court also did not commit manifest legal error by holding that Plaintiff failed to establish a property interest in employment at UTRGV.

## IV. HOLDING

The Court **DENIES** plaintiff's motion to alter or amend the final judgment.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 7th day of September, 2016.

_____
Micaela Alvarez
United States District Judge

---

[40] Dkt. No. 16. at pp. 4–5 (emphasis added).